PEDRO ANGEL RODRÍGUEZ, asistido de su madre con patria potestad sobre el mismo ISABEL RODRÍGUEZ MIRANDA, demandante y apelante, *v.* EMILIO ISAAC GARCÍA, como albacea testamentario y presunto heredero del finado CONSTANTINO DAMIANI Y DOMINICCI, demandado y apelado.

No. 3250.—*Visto:* Mayo 9, 1924. *Resuelto:* Marzo 9, 1925.

1. PADRES E HIJO—HIJO NATURAL.—Habiendo nacido un hijo en 1906 cuando sus padres vivían en concubinato, siendo solteros y sin impedimento para contraer matrimonio, tales hechos son suficientes para establecer la acción de filiación contra el padre.

2. PADRES E HIJO—HIJOS NATURALES—LEY QUE RIGE.—Cuando el supuesto padre e hijo han vivido en Puerto Rico y los actos que se alegan como reconocimiento han tenido lugar en Puerto Rico, las leyes de Puerto Rico son aplicables en la acción de filiación y no las leyes de Francia de donde el supuesto padre era ciudadano.

3. DERECHO INTERNACIONAL PRIVADO—ESTATUTO PERSONAL—FILIACIÓN.—Cuando el supuesto padre e hijo han vivido en Puerto Rico y los actos que se alegan como reconocimiento han tenido lugar en Puerto Rico, las leyes de Puerto Rico son aplicables a la acción de filiación y no las leyes de Francia, de donde el supuesto padre era ciudadano.

4. DOMICILIO—HIJO NATURAL.—El domicilio del hijo natural no reconocido legalmente por su padre es el de la madre natural.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), en acción sobre filiación, nulidad de institución de heredero y petición de herencia, deses-

timando la demanda en todas sus partes, sin especial condenación de costas. *Revocada* y *Devuelto* el caso para ulteriores procedimientos.

*Martínez Nadal, Tormes & Colón,* abogados del apelante; *D. Sepúlveda,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

[1] Este pleito ha sido establecido por un menor de edad representado por su madre, está dirigido contra el único heredero testamentario y albacea de Constantino Damiani Dominicci y tiene por objeto que el demandante sea declarado judicialmente hijo natural reconocido de Constantino Damiani Dominicci, alegándose para ello que siendo la madre del demandante y Damiani solteros y sin impedimento legal para contraer matrimonio sostuvieron relaciones amorosas durante los años 1904 a 1907 de manera pública, viviendo en concubinato bajo un mismo techo como marido y mujer; que durante esas relaciones fué procreado y nació el demandante el 7 de mayo, 1906 en San Germán, de donde era vecina su madre, habiendo atendido Damiani hasta su muerte al cuidado de la madre y del hijo, a quien trató en todo tiempo como hijo suyo y quien gozó de la posesión del estado de hijo natural. Estos hechos son suficientes para la acción de filiación que se ejercita, pues están comprendidos en el artículo 189 del Código Civil tal como regía en el año 1906, fecha del nacimiento del demandante. Sobre este extremo no hay discusión entre las partes.

[2, 3] La controversia surge por otras alegaciones de la demanda que sirvieron de fundamento al demandado para alegar como excepción previa que la corte inferior no tiene jurisdicción sobre este asunto y que la demanda no aduce hechos determinantes de causa de acción, excepción que por el último motivo fué sostenida por la corte inferior y que sirvió de fundamento para dictar sentencia declarando sin lugar la demanda, cuya apelación motiva este recurso. Esas alegaciones son: que Constantino Damiani y Dominicci fué

un súbdito francés con más de treinta años de domicilio en esta Isla, donde otorgó su testamento y donde murió el año 1923.

Al formular la parte apelada en la corte inferior su excepción se funda en varios artículos del Código Civil francés y en una sentencia también francesa que insertó en su alegación, pero prescindiremos de esas citas, porque los tribunales de justicia en Puerto Rico no pueden tomar conocimiento de leyes y sentencias extranjeras, las que en cada caso deberán ser probadas, ni tampoco podemos tomar conocimiento de ellos aunque esos artículos y sentencia hubieran sido considerados por nosotros en otro pleito, como pretende el apelado, pues en cada caso hay que probar no sólo la ley extranjera sino también su vigencia cuando ocurrieron los hechos a que se pretende sea aplicada. Pero también citó la apelada en su excepción nuestra opinión en el caso de *Casiano* v. *Luchetti,* 24 D. P. R. 114, alegando ahora el apelante como un error de la corte sentenciadora haber hecho aplicación de la doctrina que contiene ese caso al presente; y nos parece que tratando esta cuestión en primer término habremos adelantado mucho en la resolución de este asunto.

En el caso de *Casiano* citado la acción de filiación se fundó en un reconocimiento del hijo hecho por el padre, súbdito francés, en un testamento ológrafo que otorgó en Francia, donde murió, y cuyo testamento fué protocolizado en una notaría de esta Isla; y aplicando la ley francesa sobre reconocimiento de hijos naturales declaramos que el Código Civil francés no considera el testamento ológrafo como un acto solemne y auténtico por el cual el padre expresa su intención de dar al hijo un estado (*status*), sino que exige la comparecencia del padre ante algún funcionario público y la ejecución del acto cuando el hijo no es reconocido al tiempo de su nacimiento; y también que la protocolización de ese testamento en esta Isla no produce efecto alguno de autenticidad, por todo lo cual fué declarada sin lugar la demanda.

Por lo expuesto se ve que ese caso no es de aplicación al presente, pues en aquel el reconocimiento se fundaba en un documento hecho en Francia por un francés, y por tanto había que decidir si de acuerdo con las leyes de aquel país el reconocimiento de un hijo natural hecho en tal clase de documento era un reconocimiento auténtico de la paternidad, mientras que en el caso presente todos los actos que se alegan como reconocimiento han tenido lugar en esta Isla donde nació el hijo y Damiani era domiciliado.

La teoría aplicable es la del caso de *Orama* v. *Oyanguren*, 19 D. P. R. 828, donde declaramos que "La acción que al hijo corresponde para hacer declarar en virtud de pruebas quién sea su padre natural es sin duda alguna un derecho personal suyo y por consiguiente, cuando el hijo está en posesión de tal derecho debe ser regulado conforme a la ley bajo la cual fué adquirido, por lo que las cuestiones que conciernen al estado de la persona deben regirse por la ley del Estado de quien lo reclama. El estado civil de los ciudadanos debe regirse en todo por la ley de su país y sólo puede determinarse con arreglo a ella."

[4] El domicilio del hijo natural no reconocido legalmente por su padre es el de la madre natural. 12 C. J. 460, párrafo 48.

Por lo expuesto, *la sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*